ERICKSON, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

### (170 N. W. 144).

(File No. 4401. Opinion filed Dec. 31, 1918).

(1). Carriers—Unexplained Unreasonable Delay in Shipment, Shrinkage in Weight, Fall in Market, Right to Damages.

Where there was an unexplained delay of twenty-one hours in delivery of a shipment of live stock at destination stock yards, which, had it arrived in time for the morning market, would have enabled plaintiff to have sold it at a higher price, while the shrinkage in weight would have been materially less, such delay was ample ground for recovery of damages.

(2). Appeals—Error—Carrier's Failure to Pay Damages Without Suit—Costs For Delay.

Where, in a suit to recover damages for delay in shipment of live stock, plaintiff having recovered judgment, the evidence discloses no justification for refusal of defendant carrier to pay plaintiff's claim without suit, much less justification for appeal from the judgment, Supreme Court in affirming the judgment, will order clerk to tax as costs 10% of amount of judgment.

Appeal from Circuit Court, Moody County. HON. LOUIS L. FLEEGER, Judge.

Action by J. W. Erickson, against the Chicago, Milwaukee & St. Paul Railway Company, to recover damages for delay in shipment of live stock. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Porter & Grantham,* for Appellant.

*Rice & Rice,* for Respondent.

GATES, J. Alleging his damages to be $216.10, plaintiff brought suit against the defendant railway company under and by virtue of the so-called Carmack Amendment, as amended, viz. section 8604a, U. S. Comp. St. 1916, to recover for damages to a carload shipment of 20 three year old steers from Colman, S. D., to Union Stockyards, Chicago. The damages were alleged to have been caused by delay in shipment and by failure to feed and water. The evidence tended to show that at the time of shipment the cattle weighed 26,000 pounds; that when received at the stockyards they weighed 23,960 pounds, a shrinkage of 2,040 pounds; that

the normal shrinkage for the trip would be 30 pounds per head, or 600 pounds in the aggregate; that the cattle should have been received at the stockyards in time for the morning market of January 2, 1917, but were only received in time for the afternoon market of that day; that they brought $7.20 per hundred on the market, because of the falling market and their shrunken condition; that if they had been received in time for the morning market and with only the normal shrinkage they would have brought $9.75 per hundred on the market—thus tending to show a damage of something over $700. The trial court took from the jury the consideration of the item of failure to feed and water. The jury returned a verdict for plaintiff of $216. From the judgment entered thereon, and from an order denying a new trial, defendant appeals.

[1] The evidence tended to show that the car arrived at Savannah, Ill., at about 9 o'clock p. m. on December 31, 1916; that it did not reach the stockyards until about 9 o'clock a. m. January 2, 1917, or about 36 hours later; and that the distance between these points is 138 miles. Mr. G. L. Whipple, superintendent of defendant company testified by deposition:

"Ten hours is required for the delivery of stock in transit from Savannah, Ill., to Union Stockyards, Chicago, guarding against any violation of the 28-hour law."

Whether the witness intended that such 10-hour period should include the 5-hour period of rest required by Act June 29, 1906, 34 Stat. 607, c. 3594, § 1 (U. S. Comp. St. 1916, § 8651), or should be exclusive of such 5-hour period, is immaterial. In the one case the unexplained delay would appear to be 26 hours; in the other 21 hours. In either event the car should reasonably have been received at the stockyards in ample time for the morning market of January 2, 1917. That such unreasonable delay and the resulting fall in the market affords a remedy is clearly held in N. Y. & N. R. Co. v. Peninsula Produce Exchange, 240 U. S. 34, 36 Sup. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193.

[2] There is no merit in any of the points sought to be raised by appellant, and they do not deserve detailed consideration. Indeed, the record disclosed no justification for the refusal of defendant to pay plaintiff's claim without compelling him to resort to

an action at law; much less does it show any justification for this appeal.

The judgment and order appealed from are affirmed, and the clerk of this court is directed to tax as a part of the costs in respondent's favor the sum of $21.60; that being 10 per cent. of the amount of the judgment.